UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL LIGHTFOOT

VERSUS

OLD REPUBLIC INSURANCE CO., ET AL.

CIVIL ACTION

NO.: 17-00463-BAJ-RLB
c/w 17-cv-01809

## RULING AND ORDER

Plaintiff Michael Lightfoot seeks a Default Judgment against Defendant Alvin Hurt. (Doc. 25). Plaintiff contends that he served Hurt, and that Hurt has not plead or otherwise defended himself in this matter. *Id.* at ¶ 2-3. Defendants Old Republic Insurance Company and Landstar Ranger, Inc., argue that Default Judgment is improper because Plaintiff has not properly served Hurt. (Doc. 28).

Absent valid service of process, a court may not enter a default judgment. *Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir. 2002). Plaintiff argues that he served Hurt in accordance with the Louisiana long-arm statute. (Doc. 25). Under Rule 4 of the Federal Rule of Civil Procedure, Plaintiff may serve Hurt according to Louisiana law. Fed. R. Civ. P. Rule 4(e)(1). The Louisiana long-arm statute, provides that a copy of the petition and citation "shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by [1] registered or certified mail, or [2] actually delivered to the defendant by commercial courier." La. R.S. 13:3204(A).

1

Here, Plaintiff attempted to serve Hurt via United States Postal Service ("USPS") Priority Mail Express on September 19, 2017. (Doc. 10-2). Plaintiff therefore did not use registered or certified mail, but instead used a commercial courier. A commercial courier is a business "having as its primary purpose the delivery of letters and parcels of any type, and which: (1) [a]cquires a signed receipt from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery." La. R.S. 13:3204(D). Here, though, Plaintiff did not acquire a signed receipt from Hurt or his agent. USPS tracking information reflects that Counsel for Plaintiff attempted to serve Hurt at an address in Maryland, but the tracking information does not indicate who signed for the package. (Doc. 10-2 at p. 2). Indeed, the portion of the tracking information titled "Signed For" states "Waived." *Id.* Therefore Hurt was not served according to Louisiana law.

Under Rule 4(e)(2) a plaintiff can also serve a defendant by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Plaintiff, however, has provided no evidence that he served Hurt in any such manner. Because Hurt has not been properly served, the Court cannot enter a default judgment against him.

Accordingly,

IT IS ORDERED that the **Motion for Default Judgment (Doc. 25)** is DENIED.

Baton Rouge, Louisiana, this 13th day of March, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**