UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL LIGHTFOOT

CIVIL ACTION

VERSUS

OLD REPUBLIC INSURANCE
COMPANY ET AL.

NO.: 17-00463-BAJ-RLB
c/w 17-01809-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion for Partial Summary Judgment (Doc. 41)** filed by Plaintiffs Michael Lightfoot, Eashan Jones, and Kishan Jones. No opposition was filed. For the reasons that follow, the **Motion (Doc. 41)** is **GRANTED**.

I. BACKGROUND

This is a car-accident case.[1] (Doc. 41-1). It arises from a rear-end collision on I-20 in Caddo Parish, Louisiana. (*Id.* at ¶ 1). Alvin Hurt was driving an 18-wheeler in the left lane for his employer, Landstar Ranger, Inc. (*Id.*). Plaintiffs were travelling in the right lane in an SUV. (Doc. 41-7 at p. 57). Hurt tried to change lanes but instead struck the back of Plaintiffs' SUV and caused it to crash. (*Id.*).

Plaintiffs sued Landstar Ranger for vicarious liability under Article 2320 of the Louisiana Civil Code and Landstar Ranger's liability insurer, Old Republic Insurance Company, under Louisiana's Direct Action Statute, Louisiana Revised Statutes 22:1269. (Doc. 38).

---

[1] The Court's jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1).

1

Now, Plaintiffs move for partial summary judgment against Defendants on the issues of liability and medical causation. (Doc. 41). Plaintiffs contend that the undisputed record evidence shows that Hurt caused the accident, that Hurt was in the course and scope of his employment with Landstar Ranger at the time, and that the accident was the "medical cause" of Plaintiffs' injuries. (Doc. 41-1 at pp. 1-2).

## II. LEGAL STANDARD

The Court will enter partial summary judgment in Plaintiffs' favor if Plaintiffs show that there is no genuine dispute as to any material fact and that they are entitled to judgment on liability and medical causation as a matter of law. FED. R. CIV. P. 56(a). The Court cannot grant partial summary judgment just because Plaintiffs' motion is unopposed; Plaintiffs must point to the absence of a material factual dispute. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). In deciding if they have done so, the Court views facts and draws reasonable inferences in Defendants' favor. *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018). Because Defendants failed to file a response, Plaintiffs' properly-supported assertions of fact are undisputed. FED. R. CIV. P. 56(e)(2).

## III. DISCUSSION

Plaintiffs contend that they are entitled to partial summary judgment against Defendants on liability and medical causation because undisputed record evidence confirms that Hurt's negligence caused the accident and Plaintiffs' damages. (Doc. 41).

An employer is liable for torts its employee commits in the course and scope of his employment. LA. CIV. CODE art. 2320. It is undisputed that Hurt was in the course and scope of his employment with Landstar Ranger when he decided to change lanes and struck Plaintiffs' SUV. (Doc. 41-1 at ¶ 1). So if Hurt was negligent, his negligence is imputed to Landstar Ranger. *See Orgeron ex rel. Orgeron v. McDonald*, 93-1353, p. 4 (La. 7/5/94); 639 So. 2d 224, 226.

In Louisiana, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315. The Court uses the duty-risk approach to decide whether to impose negligence liability. *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095, p. 7 (La. 3/10/06); 923 So. 2d 627, 632. To establish Hurt's negligence under the duty-risk approach, Plaintiffs must prove five elements:

(1) Hurt had a duty to conform his conduct to a specific standard;

(2) Hurt's conduct failed to conform to that standard;

(3) Hurt's substandard conduct was a cause in fact of Plaintiffs' injuries;

(4) Hurt's substandard conduct was a legal cause of Plaintiffs' injuries; and

(5) Actual damages.

*Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 249 (5th Cir. 2008).

The first two elements are straightforward. As a motorist, Hurt "owed a legal duty to use reasonable care in the operation and control" of the 18-wheeler. *Fontenot v. Patterson Ins.*, 2009-0669, p. 11 (La. 10/20/09); 23 So. 3d 259, 268. Hurt breached

3

that duty when he caused the 18-wheeler to move into the right lane and strike Plaintiffs' SUV. (Doc. 41-7 at p. 57).

The third and fourth elements involve causation. Plaintiffs can establish medical causation by "prov[ing] through medical testimony that it is more probable than not that the [post-accident] injuries were caused by the accident." *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603, p. 3 (La. 2/20/95); 650 So. 2d 757, 759. Plaintiffs do so here through the affidavits of Dr. Terry Madsen and Dr. David Wyatt. (Docs. 41-4, 41-6).

Dr. Madsen attests that Plaintiff Michael Lightfoot's treatment—including pharmacology, massage therapy, and epidural steroid injections—was "directly made necessary by the injuries Lightfoot sustained in the accident." (Doc. 41-4 at ¶ 5). And Dr. Madsen attests that the accident "caused the need for surgery"; in particular, "a left knee arthroscopy with medial meniscectomy." (*Id.* at ¶¶ 6-7).

Dr. Wyatt attests to the link between the accident and the treatment he provided Plaintiffs Eashan Jones and Kishan Jones. (Doc. 41-6). Dr. Wyatt attests that, as a result of the accident, Eashan Jones "sustained injuries to his cervical spine and left hand" and Kishan Jones "sustained injuries to his lumbar spine and left leg." (*Id.* at ¶¶ 3-4). Dr. Wyatt further attests that the treatment he provided each "was reasonable and directly made necessary" by the accident. (*Id.* at ¶¶ 6-9).

Having considered the affidavits of Dr. Madsen and Dr. Wyatt, the Court concludes that Plaintiffs have shown that it is more probable than not that the injuries they claim result from the collision caused by Hurt's negligence. *See Maranto*,

4

650 So. 2d at 759. Thus, Plaintiffs have established medical causation and shown the absence of a material factual dispute as to Landstar Ranger's vicarious liability for Hurt's negligence. Quantum is the lone issue left to litigate.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Doc. 41)** filed by Plaintiffs Michael Lightfoot, Eashan Jones, and Kishan Jones is **GRANTED**.

Baton Rouge, Louisiana, this 13th day of February, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**